# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

LONNIE JACKSON, and                                    No. 16-CR-2362-WJ
DIAMOND COLEMAN,                                 No. 16-CR-2363-WJ

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART GOVERNMENT'S REQUESTED REDACTIONS TO COURT'S MEMORANDUM OPINION AND ORDER
## AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO UNSEAL PARTS OF THE RECORD

THIS MATTER comes before the Court following a hearing on Defendant Lonnie Jackson's *Opposed Motion to Unseal Record* (Doc. 2362:102), Defendant Diamond Coleman's *Sealed Motion to Unseal Specific Pleadings* (Doc. 2363:102), and the parties' responses to the Court's *Order to Show Cause* (Doc. 2362:124, 125, 127, 129; Doc. 2363:123, 125, 126, 128) regarding the Court's *Memorandum Opinion and Order* issued on September 20, 2018 (Doc. 2362:123; Doc. 2363:122).[1] Having heard the arguments of counsel, considered the parties' pleadings, and considered the relevant law, the Court (1) **GRANTS** the Government's request for redactions regarding the declaration of Paula Zirkle referenced in the Court's *Sealed Memorandum Opinion and Order* (Doc. 123) and for the sealing of the Zirkle declaration (Docs. 2362:86-1, 2362:89-1, 2363:85-1, 2363:88-1); and (2) **DENIES** the Government's request to redact the

---

[1]     Hereinafter, unless otherwise noted, the document numbers provided in this Order reference the docket sheet for 16-cr-2362, as Defendants have submitted the filings on the selective enforcement discovery issue jointly, and the Court has addressed this issue jointly. *See* Doc. 2362:49, 51.

1

identities of unindicted third parties named in the Court's *Sealed Memorandum Opinion and Order* (Doc. 123). Additionally, (3) regarding the Defendants' requests to unseal certain sealed pleadings in these cases (Doc. 2362:102, 2363:102), the parties **SHALL SUBMIT** a Joint Proposed Order **WITHIN THIRTY (30) DAYS** of this Order regarding the pleadings that shall be unsealed and/or refiled with redactions, and which shall be consistent with the rulings in this Order, described herein.

## PROCEDURAL POSTURE

1. The Court held a Telephonic Status Conference on September 18, 2018 (Doc. 122), at which time the Court informed counsel for Defendants and for the Government that the Court would file its ruling on the *Government's Motion to Reconsider* (Doc. 89) under seal for a period of ten days to allow the parties to submit their proposed redactions of sensitive information.

2. At the status conference, the parties represented to the Court that they were conferring regarding the unsealing and redaction of documents in the record. The parties represented that they were mostly in agreement about the unsealing of documents in the record with the exception of one or two items. The parties provided that they would file a stipulation on redaction and unsealing. The Court indicated it could hold a hearing on issues upon which the parties did not agree.

3. The Court issued the *Sealed Memorandum Opinion and Order* (Doc. 123) granting in part and denying in part the *Government's Motion to Reconsider* (Doc. 89) on September 20, 2018.

4. Also on September 20, 2018, the Court issued an *Order to Show Cause Why Memorandum Opinion and Order Should Not Be Unsealed* (Doc. 124). The *Order to Show Cause* instructed the parties that counsel for the Government and for the two Defendants would have "ten

days to submit under seal those portions of the said *Memorandum Opinion and Order* that counsel believe should remain sealed or redacted from public view. The Court shall then review the submissions of counsel and determine what portions of the *Memorandum Opinion and Order* should remain under seal." Doc. 124.

5. The Government submitted its Response to the *Order to Show Cause* on September 28, 2018. Doc. 125. The Government indicated that it "agrees that the Court's Memorandum Opinion and Order should be unsealed but requests that the portion of the Court's Order that references Paula Zirkle's declaration be redacted before the Order is unsealed." Doc. 125. The Government provided by email its proposed redactions, which were to content involving Ms. Zirkle's declaration.

6. Defendants submitted their Response to the *Order to Show Cause* on September 28, 2018, in which Defendants indicated their position that the entire *Sealed Memorandum Opinion and Order* should be unsealed without any redactions. Doc. 127.

7. On October 2, 2018, the Court received an email from the Government, with counsel for Defendants copied as recipients. The email provided that the parties were in the process of redacting materials in the record, but the parties had not completed this process. Evidently, the Government felt an issue arose because of un-redacted information in the record about parties who were not indicted, but who were named in pleadings and in live testimony during the evidentiary hearing.

8. In light of the Government's email, the Court issued an *Order Regarding Redaction Issues*, in which the Court directed the parties to clarify their positions by submitting a Joint Response. Doc. 128.

9. The parties submitted their *Stipulation to Unseal Documents and Joint Statement in Response to Court's Order Regarding Redaction Issues*, in which the parties clarified their positions on the documents they agreed would be unsealed in entirety and the documents they disagreed about redacting. Doc. 129. The parties requested a hearing to resolve the outstanding disputed issues. Regarding the Court's *Sealed Memorandum Opinion and Order* (Doc. 123), the parties specifically indicated that they disagreed about (a) redaction of information taken from the Zirkle declaration and (b) redaction of the names of individuals who were investigated but not indicted. Doc. 129, ¶ D.

10. The Court held a hearing on November 7, 2018, to address the parties' outstanding disputes about redaction and unsealing of documents in the record. Doc. 133.

11. Based upon argument presented at the November 7 hearing, the Court will (a) grant the request by all parties to unseal the *Sealed Memorandum Opinion and Order* (Doc. 123); (b) grant the Government's request to redact information related to the Zirkle declaration from the Court's *Sealed Memorandum Opinion and Order* (Doc. 123); (c) grant the Government's request to keep the Zirkle declaration under seal in its entirety; and (d) deny the Government's request to redact the names of unindicted third parties from the Court's *Sealed Memorandum Opinion and Order* (Doc. 123).

12. Regarding Defendant Lonnie Jackson's *Opposed Motion to Unseal Document* (Doc. 2362:102) and Defendant Diamond Coleman's *Sealed Motion to Unseal Specific Pleadings* (Doc. 2363:102), the parties shall submit a <u>Joint Order</u> requesting the unsealing of individual pleadings, as it appeared that the parties are mostly in agreement about the unsealing of previously sealed pleadings according to their *Stipulation to Unseal Documents and Joint Statement in Response to Court's Order Regarding Redaction Issues*. Doc. 129.

13. Finally, the Court notes that it previously granted Defendant Coleman's *Amended Motion to Vacate Order Requiring the Parties to File All Substantive Pleadings Under Seal* (Doc. 2363:121), in which Defendant Coleman requested that the Protective Order restricting public access to his filings (Doc. 30), imposed by the former presiding judge in this case, be vacated. Doc. 121. Notably, those restrictions were not imposed upon Defendant Jackson, who has been publicly filing the same or similar pleadings in his own case, pursuant to the Order that the Defendants could file their selective enforcement materials jointly. Doc. 49, 51. Due to the protective order restricting Defendant Coleman's filings, the Motions submitted by counsel for Defendants Jackson and Coleman regarding the unsealing of materials in the record are substantively different. Doc. 2362:102; 2363:102. By granting Defendant Coleman's Motion to vacate the protective order (Doc. 2363:124), the Court has resolved Defendant Coleman's request to vacate that Order (Doc. 2363:30) and the related request in Defendant Coleman's *Motion to Unseal Specific Pleadings* (Doc. 2363:102). Thus, the ruling contained in this Order addresses the outstanding issues regarding sealing that are applicable to the record in both Defendants' cases, as stated in Defendant Jackson's Motion to Unseal Record (Doc. 2362:102) and at the November 7 hearing..

## DISCUSSION

As the Court explained in the *Order to Show Cause Why Memorandum Opinion and Order Should Not Be Unsealed* (Doc. 124), the public generally has a right to access court records. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) ("It is clearly established that court documents are covered by a common law right of access.") (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)). The Tenth Circuit has explained that "judicial documents are presumptively available to the public, but may be sealed if the right to access is

outweighed by the interests favoring nondisclosure." *Id.*; *see also Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) ("Although courts have long recognized a common-law right of access to judicial records, this right is not absolute." (citation and footnote omitted)). Thus, "[t]he party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption." *Helm*, 656 F.3d at 1292 (citation and quotation marks omitted). Federal Rule of Criminal Procedure 49.1 addresses privacy concerns about sensitive and personal identifying information in court documents and provides for redaction or filing under seal to protect such information. This Court's local rules also provide for sealing or redaction to protect sensitive or personal identifying information. D.N.M.LR-Cr. 49.4, 57.5, 57.6, 57.7.

### A. Zirkle declaration

Defendants Jackson and Coleman maintain that the Zirkle declaration should be unsealed and that the Court's *Sealed Memorandum Opinion and Order* should be unsealed in its entirety, without redactions to the Zirkle declaration content. Docs. 127, 129. Defendants maintain that the Zirkle declaration does not contain sensitive or proprietary information, and that the contents of the declaration are already available to the public. *Id.* Defendants contend that disclosure of this information to the public does not constitute a compelling interest on the part of law enforcement that outweighs the public's First Amendment interest in accessing the full *Memorandum Opinion and Order*, or that outweighs the Defendants' Sixth Amendment right to a public trial. Doc. 127.

The Government contends that the Zirkle declaration in full, as contained in Docs. 86-1 and 89-1, should remain under seal because the declaration provides information about the administration of the NCIC system that is not publicly known. Doc. 125. The Government argues that it is foreseeable that if an individual learned this non-public information about the retrieval

6

and administrative capacities of the NCIC system, then the system might be compromised. *Id.* The Government maintains that its interest in protecting "this sensitive law enforcement information" outweighs the public's interest in knowing these details. Doc. 125. The Government's proposed redactions to the Court's *Sealed Memorandum Opinion and Order* (Doc. 123) include the Court's description of the logistical administration and inner workings of the NCIC system based on the Zirkle affidavit. The Government's proposed redactions to the *Memorandum Opinion and Order* run from the last sentence starting at the bottom of page 55, the entirety of page 56, and one line and the footnote on page 57. Doc. 123.

The Court agrees with the Government that the Zirkle declaration contains sensitive law enforcement information that, if publicly disbursed, may compromise the integrity of the NCIC system itself and the safety of law enforcement agents who rely on the system. As the Government points out, the litigation on this matter itself has confirmed that even experienced attorneys and law enforcement agents are not fully aware of how the system is administered or of its capacities. In granting the redaction of these portions of the *Memorandum Opinion and Order*, the Court has considered the public interest in accessing the full opinion and weighed that interest against law enforcement's interest in the protection of sensitive technical information about the administration of a federal database. The Government has overcome the presumption in favor of unlimited public access to these documents on the limited issue of the Zirkle declaration. *Helm*, 656 F.3d at 1292 (explaining burden shifting framework). As the Tenth Circuit has explained, the right of public access to court documents is "not absolute." *Id.* The public interest under the First Amendment in obtaining this information as the Court relies upon it in the *Memorandum Opinion and Order* is outweighed by the sensitivity of the proprietary information contained in the Zirkle affidavit. Furthermore, Defendants' rights under the Sixth Amendment to a public trial are minimally

7

infringed upon, as the redaction of this information from the *Memorandum Opinion and Order* does not unfeasibly obscure the Court's reasoning and the redactions constitute a relatively small portion of the analysis. The Government has "articulate[d] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process[,]" *Helm*, 656 F.3d at 1292, and thus the Zirkle declaration itself shall remain sealed and the *Sealed Memorandum Opinion and Order* (Doc. 123) shall be publicly filed with redactions consistent with the Government's proposed redactions.

### B. Names of unindicted third parties

The Government further argued in favor of redacting the identities of unindicted third parties who are named in the parties' pleadings and in the Court's *Memorandum Opinion and Order* (Doc. 123).[2] The Government's position is that the parties and the Court have a duty to protect the identities of unindicted third parties who are named in the record, including public transcripts from the evidentiary hearing on October 30 and December 13, 2017 (Docs. 62, 72), as well as in the Court's *Sealed Memorandum Opinion and Order* (Doc. 123). In addition to their arguments about public access to Court records, Defendants also point out that the transcripts from the evidentiary hearing have been publicly available for almost a year now, and that the Government's concern about public disclosure of these names is essentially latent.

---

[2] The Court notes for the record that there are two groups of unindicted individuals who are named in the pleadings. There is one group about which the Government and defense appear to be in agreement regarding redaction—that group is listed on pages 15–19 of the Government's *Motion to Reconsider* (Docs. 2362:89 and 2363:88), and some of those names are also listed on pages 16–17 of *Defendants' Joint Response* (Docs. 2362:97, 2363:96) and the *Government's Reply* (Docs. 2362: 101 at 4–6, 2363:100 at 4–6). The parties agree about the redaction of those names from the pleadings and, most notably, the Court did not rely on that group of individuals in its *Sealed Memorandum Opinion and Order* (*see* Doc. 123 at 39 n.17) and that group of individuals is not named in the transcripts. The disputed group upon which the Court does now rule are the named individuals the Court references in its *Sealed Memorandum Opinion and Order* (Doc. 123 at 38–44), who are also referenced throughout pleadings (*see* Defendants' Response, Doc. 97 at 8–12) and in the transcripts from the evidentiary hearing.

8

The Court agrees with Defendants that the Government's request is untimely at this stage in these cases. The transcripts from the evidentiary hearing that took place on October 30 and December 13, 2017, have been available to the public since at least early 2018. While the Court does not disagree that the parties and the Court may have an interest in protecting the identities of unindicted third parties named in the record, the interest in allowing Defendants Jackson and Coleman's cases to move forward toward resolution outweighs the interest of protecting individuals who are not named defendants. The ongoing exercise of attempting to consistently redact these names across the extensive records in these two cases, as well as separate cases involving the selective enforcement claim in front of other judges in the District of New Mexico is, at this point, contrary to Defendants Jackson and Coleman's interests in resolving their claims and the charges against them. The Government now offers to do too little, too late, regarding the redactions of these names, particularly in light of the heavy burden it places on resources to redact these names from the transcript records in several cases. Finally, the Court's analysis for ruling in the Government's favor relies on these named individuals (Doc. 123 at 38–46), and the Government has not offered a method through which the public, upon the unsealing of the *Memorandum Opinion and Order* (Doc. 123), could discern the Court's reasoning without the redactions obscuring the grounds for ruling in the Government's favor.

**ORDER**

1. The Court (a) GRANTS the Government's request to redact content related to the Zirkle declaration from the *Memorandum Opinion and Order* (Doc. 123 at 55–57) and (b) DENIES the Government's request to redact the names of unindicted third parties referenced in the *Memorandum Opinion and Order* (Doc. 123 at 38–44).

2. As the Court explained at the November 7 hearing, the Court intends that the redactions related to the Zirkle declaration content in the *Memorandum Opinion and Order* (Doc. 123 at 55–57) be consistent with the purpose of protecting proprietary information about the administration of the NCIC database by the FBI.

3. The declaration of Paula Zirkle contained in Docs. 2362:86-1, 2362:89-1, 2363:85-1, 2363:88-1, shall remain under seal in its entirety. The Zirkle declaration contains sensitive information about how NCIC is administered and maintained, and the interest of the Government in protecting this information outweighs the public's interest in accessing it.

4. As the Court explained at the November 7 hearing, the Government's request that the Court order the redaction of the names of unindicted individuals cited in the *Sealed Memorandum Opinion and Order* (Doc. 123), and the corresponding materials in the record, is untimely and overly burdensome at this stage of these cases.

5. Regarding the unsealing of individual pleadings, the parties **SHALL SUBMIT** to the Court a Joint Order **WITHIN THIRTY (30) DAYS** indicating the pleadings that they request be unsealed and/or intend to refile with redactions, consistent with this Order. As the Court noted at the November 7 hearing, it is the parties' responsibility to contact the Clerk's Office about how to ensure the correct documents are unsealed or refiled with redactions. The unsealing of the pleadings shall be consistent with the foregoing rulings on the Zirkle declaration and on the names of unindicted third parties.

6. The Court notes for the record that, according to the *Stipulation to Unseal Documents and Joint Statement in Response to Court's Order to Show Cause* (Doc. 129), the parties appear to be in agreement about the redaction of the names on pages 15–19 of the Government's *Motion to Reconsider* (Docs. 2362:89 and 2363:88), some of which are also listed on pages

16–17 of *Defendants' Joint Response* (Docs. 2362:97, 2363:96) and in the *Government's Reply* (Docs. 2362: 101 at 4–6, 2363:100 at 4–6). It is not clear whether the parties still disagree about the redaction of "R.L." and "John Doe" (*see* Doc. 2362:129, 2363:128), but for clarity the Court now rules that these identifiers do not need to be redacted.

7. The Court shall unseal the *Sealed Memorandum Opinion and Order* (Doc. 123) released on September 20, 2018, by re-filing the same *Memorandum Opinion and Order* with redactions to the content regarding the Zirkle declaration.

## CONCLUSION

For these reasons, the Court **GRANTS IN PART and DENIES IN PART** the Government's redaction requests to the Court's *Sealed Memorandum Opinion and Order* (**Doc. 2362:125, 2363:125**), **GRANTS IN PART and DENIES IN PART** Defendant Lonnie Jackson's *Opposed Motion to Unseal Document* (Doc. 2362:102), and **GRANTS IN PART and DENIES IN PART** Defendant Diamond Coleman's *Sealed Motion to Unseal Specific Pleadings* (Doc. 2363:102). The parties **SHALL FILE** the Joint Order described above within **THIRTY (30) DAYS** of this Order.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE