# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                          No. 1:16-cr-2362-WJ

LONNIE JACKSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S OBJECTION TO PRESENTENCE REPORT PARAGRAPHS 44, 46, AND 47

**THIS MATTER** is before the Court on Defendant's objection to presentence report ("PSR") paragraphs 44, 46, and 47 [Doc. 157 at 1-3], filed November 22, 2019. Defendant argues he was not under a criminal justice sentence when he committed the instant offense and, therefore, should not receive two additional criminal history points in accordance with U.S.S.G. § 4A1.1(d). The Court heard argument on Defendant's objection at the December 9, 2019 sentencing hearing.

The U.S. Sentencing Guidelines mandate two additional criminal history points "if the defendant committed the instant offense while under any criminal justice sentence." U.S.S.G. § 4A1.1(d). A "defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence if that sentence is otherwise countable, even if that sentence would have expired absent such warrant." § 4A1.2(m).

Defendant was convicted of distributing methamphetamine on or about April 27, 2016. Doc. 149 at 4. At that time, a probation violation warrant was outstanding. *See* Doc. 157-1 at 6 (Order Regarding Alleged Probation Violation); *see also* Doc. 152 at ¶ 44 ("7/21/2015: Probation

violation warrant issued (pending)"). Defendant, in his objection, also concedes a probation violation warrant was outstanding. Doc. 157 at 2 ("The state court did issue a warrant on July 24, 2015[1] regarding an allegation by probation authorities that [Defendant] violated his probation."). Defendant, however, argues that because the state did not act on his probation violations until October 2019, when they withdrew them for lack of jurisdiction, they lacked any effect. *Id* at 3.

"The plain language of [Section 4A1.1(d) and its commentary] indicates that two points are to be added whenever an outstanding warrant is in existence, regardless of whether the warrant is stale pursuant to state law at the time of sentencing, and irrespective of whether state authorities have been lax in attempting to execute the warrant." *United States v. Anchondo-Rascondo*, 158 F. App'x 137, 141 (10th Cir. 2005) (brackets in original) (quoting *United States v. Elmore*, 108 F.3d 23, 27 (3d Cir.1997)). That explanation controls here. The Court finds that Defendant was under a criminal justice sentence when he committed the offense as a result of the outstanding warrant and, therefore, the two additional criminal history points are warranted.

The Court having overruled Defendant's objection to paragraphs 44, 46, and 47 of the PSR, the Court finds that Defendant's correctly calculated advisory sentencing guideline range is offense level 27, criminal history category V, which results in an advisory sentencing guideline range of 120 to 150 months incarceration.

**IT IS THEREFORE ORDERED** that Defendant's objection to PSR paragraphs 44, 46, and 47 [Doc. 157 at 1-3] is **OVERRULED**.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] The Order Regarding Alleged Probation Violation [Doc. 157-1 at 6] has two dates: the presiding judge signed the order on July 21, 2015, and the clerk of court filed the order on July 24, 2015.